## SIMMONS *v.* SEABOARD AIR-LINE RAILWAY.

The petition in this case is to be construed as an action for damages
resulting from a breach of public duty in failing to supply cars for
the shipment "of lumber, wood, and slabs." The only request for
cars alleged in the petition was "a standing order   .     .   for five
cars a day." *Held,* that this order was too indefinite to become the
basis of a cause of action for damages resulting from an omission to
furnish cars.

Argued June 17,—Decided December 23, 1909.

Action for damages. Before Judge Charlton. Chatham superior
court.   November 11, 1908.

This was a suit against a railroad company for the recovery of
damages alleged to flow from a breach of public duty in failing to
supply cars for the shipment of freight, thus rendering it impos-
sible for the plaintiff to send "lumber, wood, and slabs" to his
customers.   The plaintiff operated a sawmill on the line of the de-
fendant's railroad, and produced for sale large quantities of lumber,
wood, and slabs, to be sold in car-load lots.   Among other things
the petitioner alleged: (3) "that, early in the month of January,
1906, he left a standing order with the agent of the Seaboard Air-
Line Railway at Rincon, Georgia, who is the agent of said railway
nearest to his mill at Simmons' Spur, in said county, for five cars
a day, to be furnished petitioner at Simmons' Spur track, the pur-
pose of petitioner being to load that many cars of lumber, wood,
and slabs per day, and ship them to his various customers.   The
purpose of petitioner was made known to said agent, and petitioner
then and there had ready for shipment a sufficient quantity of lum-
ber, wood, and slabs to load the said five cars daily, and had his
business so systematized and in such good running order as to
enable him to provide daily, and furnish to defendant for many
months in the future, five car-loads of lumber, wood, and slabs." (4)
"In the years 1904 and 1905 the said defendant furnished to peti-
tioner at Rincon, Effingham county, Georgia, at Exley, Effingham
county, Georgia, and at Simmons' Spur, Chatham county, Georgia,
the number of cars needed at each place, respectively, for the load-
ing of lumber, wood, and slabs; and as the business of petitioner
steadily increased, the said defendant furnished, as the increasing
business of petitioner required, the necsssary number of cars. The
said defendant was therefore bound to anticipate the needs of de-

fendant [?] for the five cars per day, as covered by his order in the month of January, 1906, and was therefore able and accustomed to provide and carry the number of cars per day ordered for the transportation of petitioner's lumber, wood, and slabs at the said Simmons' Spur." (5) "Petitioner shows, that the number of cars ordered, and the number of cars necessary to enable him to consummate his sales for lumber, wood, and slabs, were not furnished him; that only thirty cars were furnished during January, 1906, of which number he shipped ten cars of wood, nine cars of slabs, and eleven cars of lumber; that, because of his failure to get cars, his mill did not put out its full capacity during said month; that, in addition to the thirty cars he shipped, he had ready for delivery during said month, and had sales for, seventy cars, of which thirty-five were of wood, fifteen of slabs, and twenty of lumber. Petitioner shows, that he had sales for the last-mentioned quantities of lumber, wood, and slabs; that he had placed orders with the agent of the defendant company for more cars than enough to transport the said seventy cars to market, that said company was informed that the same were ready for delivery, and that unless cars were furnished he would lose the sale of the same; that defendant company failed to furnish the cars ordered, or a sufficient part thereof, and that thereby he was endamaged as follows: Loss of the sale of 20 cars of lumber containing 200 M. feet at $14.00 per M., $2800.00. Loss of the sale of 35 cars of wood, containing 350 cords at $2.25 per cord, $787.50. Loss of the sale of 15 cars of slabs at $5.00, $75.00. Total: $3742.50."

The defendant demurred on the grounds, that the plaintiff did not state such facts as to authorize a recovery, and that the cause of action was not set out with sufficient clearness and distinctness to apprise the defendant of what the plaintiff proposed to verify, and to enable it to properly prepare its defense. It demurred specially on the grounds:

(1) The petition fails to show what portion of the standing order for five cars per day, mentioned in paragraph 3, were to be cars intended for transporting lumber, and what portion were to be cars intended for shipping wood, and what portion were to be cars intended for shipping slabs. (2) The petition fails to show the destination to which each of the cars was desired to be shipped. (3) The fourth paragraph of the petition is irrelevant, imperti-

nent to the issue, and surplusage, and the last sentence thereof is also purely argumentative and should be stricken. (4) The fourth paragraph fails to show how many of the cars therein referred to were furnished each month, during the period mentioned, at the spur-track called Simmons' Spur. The court sustained the first three grounds of the special demurrer, and ordered that the case be dismissed unless the petition was amended. It was not amended; and the plaintiff excepted.

*Oliver & Oliver,* for plaintiff.

·*Anderson & Cann,* for defendant.

ATKINSON, J. This is a suit against a railroad company for damages resulting from a breach of public duty in failing to supply cars for the transportation of freight in car-load lots. The petition does not proceed on the theory that particular freight was actually tendered and the defendant refused to receive and carry it, but the complaint is that the company did not furnish cars. It was alleged that the freight to be transported consisted of lumber, wood, and slabs, and that the demand upon the defendant was "a standing order . . for five cars per day," but the order did not specify the character of the cars needed, or how many were required for transporting lumber, or how many for wood, or how many for slabs. ·It is not alleged that the same character of car would be suited to the purpose of carrying each of the several articles proposed to be loaded on the cars. The character of the business is such, and the duty of furnishing safe cars is such, as renders it necessary for the railroads to know what is to be loaded on the cars, so that they can be provided to suit the occasion. It appears from the petition that lumber, wood, and slabs are different articles, and it might require different kinds of cars in which to carry them. The petition is to be construed most strongly against the plaintiff; and in view of the demurrer and the failure to allege that the same cars were suited to carrying all of the commodities, it may be presumed that different kinds of cars were needed. If they were, then the defendant was entitled to such reasonable notice of the particular kind of cars and the number of each desired as would enable it to supply the demand. It would be unreasonable to tie up all the equipment of a railroad company to answer the beck and call of one of its customers, without regard to a present necessity therefor; and when a demand is made upon such company for the per-

formance of a public duty, the demand should at least be so specific as to reasonably inform the company of what it is expected to do. For the reasons above indicated, we think the demand for cars made upon the defendant, as alleged in the petition, was too indefinite to become the basis of an action for damages for the breach of its public duty, and that the judge did not commit error in dismissing the petition upon demurrer.

*Judgment affirmed. All the Justices concur.*